# 2000 DTA 118

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA

OSCAR RIVERA GARCIA Y SU ESPOSA LUZ IVETTE MUÑOZ TIRADO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS, H/N/C CASABLANCA AUTO PARTS Y SERVÍCENTRO MAZDA
Demandantes

v.

CASABLANCA MOTORS IMPORT, INC., LUIS SANTOS MARTINEZ Y SU ESPOSA DAYSY CUBIÑA LORENZO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS.
Demandados

Núm. KLAN-99-01254

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino.

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, Oscar Rivera García, Luz Ivette Muñoz Tirado y la Sociedad Legal de Gananciales compuesta por ellos, acuden ante nos y solicitan que revoquemos una sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, mediante la cual el tribunal desestimó una acción civil incoada por éstos en cuanto a Luis Santos Martínez y Daisy Cubiñá Lorenzo, así como la Sociedad Legal de Gananciales constituida entre éstos.

I

La controversia ante nos tiene su origen en una demanda presentada por los apelantes el 2 de julio de 1999 en el Tribunal de Primera Instancia en contra de Casablanca Motors Import, Inc.; Luis Santos Martínez; Daisy Cubiñá y la Sociedad Legal de Gananciales habida entre éstos.

En la demanda alegaron que eran dueños, operaban y explotaban un negocio para la venta de piezas y reparación de automóviles bajo el nombre de Casablanca Auto Parts y/o Servicentro Mazda.

Adujeron que la co-demandada, Casablanca Motors Import, Inc., era una corporación que operaba un negocio de venta de automóviles en el Municipio de Caguas, y que Luis Santos Martínez y Daisy Cubiñá eran los únicos accionistas de dicha corporación.

Arguyeron, además, que entre ambas partes se constituyó en el 1989 un contrato de arrendamiento respecto a un predio de terreno y edificio comercial cuyo local habría de dedicarse por los apelantes a la venta de piezas, artículos y mantenimiento de vehículos de motor, particularmente los vehículos Mazda y KIA vendidos por Casablanca Motors.

Expusieron, en adición, que para el 15 de marzo de 1999, apelantes y apelados acordaron que el negocio de venta de automóviles de Casablanca Motors sería vendido a los esposos Rivera Muñoz sujeto a ciertas condiciones.

Plantearon que Casablanca Motors incumplió el contrato y todas las violaciones estuvieron motivadas por las actuaciones de los esposos Santos-Cubiñá, por lo que reclamaron sumas de veinte mil ($20,000) dólares, cincuenta y tres mil ($53,000) dólares, doscientos cincuenta mil ($250,000) dólares y cien mil ($100,000) dólares por diferentes causas de acción.

Oportunamente, los demandados, aquí apelados, contestaron la demanda aceptando unos hechos y negando otros, e interpusieron varias defensas afirmativas y reconvención.

Los demandantes, aquí apelantes, procedieron a contestar la reconvención el 7 de septiembre de 1999 y plantearon también varias defensas afirmativas.

Luego de varios incidentes en el caso, los esposos Santos Cubiñá y la Sociedad de Gananciales entre ellos constituida, presentaron una moción solicitando la desestimación de la demanda. Alegaron que contrario a lo expresado en la demanda, todas las actuaciones de ellos habían sido en representación de Casablanca Motors y no en su carácter personal, tratándose de actuaciones corporativas. Adujeron que la parte demandante reconocía en el segundo párrafo de la demanda incoada que Casablanca Motors Imports Inc. era una corporación debidamente organizada y existente de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, y que los esposos demandados eran miembros de la Junta de Directores de la misma y únicos accionistas. Arguyeron, en adición, que las alegaciones contenidas en la demanda eran unas generales, pretendiéndose con ello implicarlos de manera solidaria y en su carácter personal.

El 24 de agosto de 1999, el foro de instancia le concedió oportunidad a los demandantes de exponer su posición y el 15 de septiembre de 1999, dictó sentencia parcial en los siguientes términos:

Vista la Moción radicada por la parte co-demandada, el 8 de septiembre de 1999, y no habiendo oposición por la parte demandante, el Tribunal declara HA LUGAR la desestimación y dicta sentencia parcial desestimando la acción que ejercita contra el Sr. Luis Santos Martín y Daisy Cubiñá Lorenzo y la Sociedad de Bienes Gananciales.

Los demandantes solicitaron reconsideración, alegando que no se enteraron de dicha orden emitida el 24 de agosto de 1999, hasta el 5 de octubre de 1999, fecha en que se encontraban en una toma de deposición oral al co-demandado Luis Santos Martín y la representación legal de la demandada les informó sobre ello. Advirtieron que la notificación de dicha orden fue archivada en autos el 9 de septiembre de 1999 y enviada a una dirección errónea y no a la dirección que figuraba en autos en cada uno de los escritos presentados por los demandantes. Ante ello, no la recibieron. Al enterarse, procedieron a presentar un escrito titulado: *"Moción Solicitando Notificación de Escritos y Término Adicional para Oponerse a Moción de Desestimación,"* el cual fue presentado el 8 de octubre de 1999 ante el foro de instancia.

Mediante resolución de 2 de noviembre de 1999, notificada el 4 del mismo mes y año, el Tribunal de Primera Instancia denegó la solicitud de reconsideración en la forma siguiente:

*"NO HA LUGAR. NO SURGE QUE SE HAYA RADICADO LA REFERIDA MOCION."*

Inconformes, los demandantes presentaron el recurso ante nos, planteando los errores que a continuación reproducimos literalmente:

*"1. Erró el Honorable Tribunal de Primera Instancia al concluir, como cuestión de derecho, que la demanda incoada no aduce hechos que justifiquen la concesión de un remedio en favor del apelante y en contra de Luis Santos Martín, Daisy Cubiñá Lorenzo y la Sociedad Legal de Gananciales compuesta por ellos.*

*2. Erró el Honorable Tribunal de Primera Instancia al concluir, como cuestión de derecho, el que la Orden del 24 de agosto de 1999 había sido correctamente notificada a la parte demandante, dando así por sometida la Moción de Desestimación presentada por la demandada.*

*3. Erró el Honorable Tribunal de Primera Instancia al no acoger la Moción de Reconsideración presentada por la parte demandante."*

El 24 de enero de 1999, el apelado presentó lo que consideramos su alegato. Contando con el beneficio de la posición de ambas partes, estamos en condiciones de resolver. Veamos.

## II

Por considerar que los últimos dos errores planteados disponen de la controversia, éstos serán evaluados en primer término y todos serán analizados en conjunto.

De los documentos que acompañan el apéndice del recurso, surge que efectivamente la resolución emitida el 24 de agosto de 1999 y notificada el 9 de septiembre del mismo año, por el Tribunal de Primera Instancia, ordenando a los apelantes exponer su posición en el plazo de 20 días, no fue notificada a los apelantes a la dirección correcta.

Surge, además, que mediante moción presentada el 8 de octubre de 1999, la parte demandante informó al foro de instancia lo ocurrido, explicándole, en adicción, que en el acto de la deposición tomada el 5 de agosto de 1999, la parte demandada se había comprometido a entregarle en treinta (30) días, varios documentos, algunas solicitados con anterioridad a la misma, que resultaban necesarios y pertinentes para oponerse debidamente a la Moción de Desestimación.

El 15 de septiembre de 1999, el tribunal de instancia dictó sentencia parcial, resolviendo declarar con lugar la solicitud de desestimación de los demandados al no encontrar oposición alguna de la parte demandante.

Ante una solicitud de reconsideración de los demandantes en la cual se le informó al tribunal que se había presentado una moción solicitando la debida notificación de su resolución y un término adicional para oponerse a la moción de desestimación, con los argumentos en ella esbozados, la respuesta del foro de instancia fue denegar la reconsideración exponiendo como fundamento: *"no surge que se haya radicado la referida moción."* Ante ello, podemos entender que el tribunal, en primer término, resolvió en la forma en que lo hizo ponderando el hecho de que no había oposición por parte de los demandantes, y luego, al no reconsiderar, pese al hecho de que desconocía que se había radicado la Moción Solicitando Notificación de Escritos y Término Adicional para Oponerse a Moción de Desestimación.

La moción de desestimación presentada por los demandados aquí apelados, aun cuando no lo expresó con claridad, estaba predicada en la Regla 10.2 de Procedimiento Civil ▪ la cual preceptúa:

*"Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, demanda contra coparte, o demanda contra tercero, se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Una moción en que se formule cualesquiera de estas defensas, deberá presentarse antes de alegar, si se permitiere una alegación adicional. No se entenderá renunciada ninguna defensa u objeción por haber sido formulada conjuntamente con otra u otras defensas u objeciones en una alegación respondiente o moción. Si una alegación formulare una reclamación contra la cual la parte no estuviere obligada a presentar una alegación respondiente, dicha parte podrá mantener en el juicio cualquier defensa de hechos o de derecho en contra de dicha reclamación. Si en una moción en que se formulare la defensa número (5), se expusieren materias no contenidas en la alegación impugnada y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a dicha moción*

*bajo dicha regla."*

Se ha sostenido que el texto de la citada regla resulta favorable para un demandante, ya que la moción para desestimar no ha de considerarse sólo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que éste sea. *Reyes v. Sucesión Sánchez,* 98 D.P.R. 305 (1970). Por ello, la demanda no debe ser desestimada por insuficiencia, a menos que se desprenda, con toda certeza, que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo de su reclamación. *Moa v. E.L.A.,* 100 D.P.R. 573 (1972). Las alegaciones de la demanda se examinarán liberalmente y de la manera más favorable al demandante. *Pressure Vessels of Puerto Rico, Inc. v. Empire Gas de Puerto Rico,* ___ D.P.R. ___ (1994), 94 J.T.S. 144, opinión de 23 de noviembre de 1994; *Candal v. C.T. Radiology Office, Inc.,* 112 D.P.R. 227 (1982). No procede la desestimación definitiva de una demanda por dejar de exponer la misma hechos que justifiquen la concesión de un remedio, si dicha demanda es susceptible de ser enmendada. *Clemente v. Depto. de la Vivienda,* 114 D.P.R. 763 (1983).

Se ha establecido, además, que a los fines de disponer de una moción de desestimación, tienen que presumirse como ciertos los hechos bien alegados en la demanda. *Unisys Puerto Rico Inc. v. Ramallo Brothers Printing, Inc.,* 128 D.P.R. 842 (1991); *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724 (1991). Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que no den margen a dudas. *First Federal Savings v. Asociación de Condómines,* 114 D.P.R. 426 (1983).

Sin embargo, la citada regla tiene como excepción aquellos casos en que, no obstante, la liberalidad con que se interpreten las alegaciones de una demanda, el tribunal, al analizar las mismas, queda plenamente convencido de que en su etapa final el demandante no habrá de prevalecer. *Figueroa Piñero v. Miranda & Eguía,* 83 D.P.R. 554 (1961); *Izquierdo v. Izquierdo,* 80 D.P.R. 71 (1957). En tales casos, se justifica declarar con lugar la moción de desestimación.

No obstante, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Agosto Ortiz v. Municipio,* ___ D.P.R. ___ (1997), **97 J.T.S. 69**, opinión de 20 de mayo de 1997.

Del análisis de la sentencia apelada, a la luz de la normativa reseñada, no surge que el tribunal haya tomado en consideración las disposiciones de la Regla 10.2 antes transcrita. Dicha sentencia, por ser tan extremadamente breve, no nos permite llegar a otra conclusión. Ante ello y tomando en consideración que la desestimación de una acción es un remedio sumamente drástico que, como medio de sanción, puede quebrantar la sana política judicial de que los casos se ventilen en sus méritos, debemos revocar. *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 D.P.R. 664. Sin embargo, no estamos pasando juicio sobre los méritos de la moción de desestimación ni sobre la acción incoada. El tribunal erró al resolver en base al hecho de que no tuvo ante sí fundamentos en oposición a la misma, ignorando las disposiciones reglamentarias y jurisprudenciales vigentes sobre la materia.

### III

Por los fundamentos que anteceden, revocamos la sentencia apelada. Remítase el caso al Tribunal de Primera Instancia para que continúen allí los procedimientos en forma consistente con la presente sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General